# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

SHERMAN HENRY,
DOROTHY HENRY, and
REBECCA DOWTY,

    Plaintiffs,

v.                                                                  Case No.: _____

UNITED STATES OF AMERICA,
UNITED STATES OF AMERICA, d/b/a
Veterans Affairs Medical Center – Memphis, a/k/a
VA Hospital - Memphis

    Defendants.

## COMPLAINT

## INTRODUCTION

    COMES NOW, Plaintiffs, Sherman Henry, Dorothy Henry and Rebecca Dowty, individually, and pursuant to the Amendment to the Healthcare Liability Act particularly T.C.A. 29-26-101, *et seq.* effective October 1, 2008 and in compliance with the Federal Tort Claims Act ("FTCA") sections 1346(b) and 2671-2680 title 28, United States Code and bring this Health Care Liability action for their individual claims and the applicable derivative loss of consortium claims. Plaintiffs are bringing this action against the Defendants, United States of America and United States of America d/b/a Veterans Affairs Medical Center – Memphis, a/k/a VA Hospital Memphis, for the violations of the medical standard of care that occurred in Shelby County, Tennessee in 2013, consisting of acts and omissions of medical negligence by the medical personnel/staff providing medical care, treatment and services to Plaintiff, Sherman Henry at the Memphis VA Medical Center located in Memphis, Shelby County, Tennessee.  These violations

1

of the medical standard of care occurred in Memphis, Shelby County, Tennessee in 2013, consisting of acts and omissions constituting medical negligence that were the direct and proximate cause of the personal injuries, deterioration of health that Mr. Henry has suffered. At the time of the alleged acts and omissions giving rise to this Health Care Liability action the care providers including those identified in this Complaint upon information and belief were employees, agents, servants and/or representatives of the Defendants, United States of America and United States of America d/b/a Veterans Affairs Medical Center – Memphis, a/k/a VA Hospital - Memphis and provided medical care, treatment and services to said Defendants' patient, Plaintiff, Sherman Henry.

## PARTIES, VENUE AND JURISDICTION

1. At all times pertinent to this matter Plaintiffs, Sherman Henry and Dorothy Henry were residents of the state of Tennessee, legal citizens of the United States of America and were husband and wife. Mr. Henry is a veteran citizen of the United States of America and as such was entitled to receive health care at the Memphis VA Medical Center. Plaintiff, Rebecca Dowty, is the adult child of Plaintiffs, Sherman and Dorothy Henry and is a resident of the state of Tennessee and a legal citizen of the United States of America.

2. All of the medical care, treatment, and services giving rise to this cause of action were provided to Sherman Henry at the Memphis VA Medical Center and rendered by the medical personnel/staff of said Defendants as set out below and later identified or discovered in the massive medical files, charts and records of Sherman Henry maintained by the Defendants' custodians, agents, servants, employees and representatives. Therefore, all medical care and treatment was provided in Memphis, Shelby County, Tennessee.

3. The Defendant, United States of America is a governmental entity that among other things has taken on the responsibility of providing medical care, treatment and services to

its veterans/patients who have served in the Armed Forces at various medical facilities known as VA Medical Centers and/or VA Hospitals. This Defendant, United States of America d/b/a Veterans Affairs Medical Center – Memphis owned and operated the medical facility known as Memphis VA Medical Center located in Memphis, Shelby County, Tennessee and engaged in the business of providing medical care, treatment and services to its veterans/patients including Plaintiff, Sherman Henry by employing and contracting with physicians, residents, nurses, technicians, assistants, therapists, specialized skilled medical professionals, medical personnel/staff and administrative staff. Therefore, any act or omission of medical negligence on the part of the care providers of Sherman Henry, if they are found guilty, should be imputed to the named Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center under the legal theory/doctrine of *Respondeat Superior* based on the employee, servant, agent and/or representative relationship of the medical care providers with the United States of America and United States of America d/b/a Memphis VA Medical Center. Defendants may be served with service of process as directed on the Summons issued in this Cause.

4. Plaintiffs further allege that an agency relationship existed between all of the care providers of Sherman Henry at the Memphis VA Medical Center with the named Defendants in their duties and responsibilities as the care providers of the veterans/patients based on the employees, agents, servants and/or representatives relationship therefore any act or omission of medical negligence on the part of any one care provider of Sherman Henry, if found guilty, should be imputed to the other care providers, included but not limited to the care providers identified in this Complaint, under the legal theory/doctrine of *Respondeat Superior*.

5. All medical care and treatment applicable to Plaintiffs' cause of action against the named Defendants, their agents, servants, employees and/or representatives being the care

providers of Sherman Henry occurred at the Memphis VA Medical Center in Memphis, Shelby County, Tennessee and was provided by the treating medical personnel/staff, employees, agents, servants, and/or representatives of the United States of America and United States of America d/b/a Memphis VA Medical Center.

6. Plaintiffs aver that the kind of personal injuries they have sustained would not have occurred but for the negligence on the part of the Defendants, their agents, servants, employees, representatives, medical personnel/staff, administrative staff and/or otherwise and that the instrumentality that caused the personal injuries of Sherman Henry were in the exclusive control of the named Defendants, United States of America, United States of America d/b/a Memphis VA Medical Center, their agents, servants, employees, representatives, medical personnel/staff, administrative staff, including but not limited to those identified in this Complaint, therefore Plaintiffs rely on the legal theory/doctrine of *Res Ipsa Loquitor*.

7. Venue and jurisdiction are proper before this Court based on the original and exclusive jurisdiction conferred by the FTCA. This is a FTCA claim arising from acts or omissions constituting medical negligence that occurred in Memphis, Shelby County, Tennessee. Additionally, this Complaint is filed pursuant to the FTCA, section 1346(b) *et seq*. Title 28, U.S.C. which provides that a tort claim that is administratively denied or that has failed to be denied within 6 months may be presented to a Federal District Court for judicial consideration, and therefore presents a Federal Question. Such a suit must be initiated within six months after the date of the mailing of the notice of final denial as shown by the date of this letter (section 2401(b), Title 28 U.S.C.). Plaintiffs' claims to date have not been denied by the Department of Veterans Affairs, Office of General Counsel in Washington D.C. but were received on March 30, 2015, which is more than 6 months.

8. Plaintiffs allege that this Court has jurisdiction of this Cause pursuant to the FTCA, Title 28, U.S.C. section 1346(b) *et seq*. and this Court's pendent or supplemental jurisdiction pursuant to 28 U.S.C. 1367 *et seq*.

9. Plaintiffs, Sherman Henry, Dorothy Henry and Rebecca Dowty are exercising their rights to file suit in accordance with the FTCA, Sections 1346(b) and 2671-2690, title 28 U.S.C., which provides a tort claim that is administratively denied by or has not been denied within 6 months of receipt may be presented to a Federal District Court for judicial consideration with said suit to be initiated within six months after the date of the mailing of the notice of final denial.

10. Plaintiffs, aver that they have complied with state law requirements for commencing a health care liability action by having fully complied with the Health Care Liability Act, T.C.A. 29-26-121 and T.C.A. 29-26-122, as evidenced by the filing of the appropriate documents and pleading with the Court. Specifically, pursuant to T.C.A. 29-26-121 a Certificate of Mailing is attached along with the Affidavit of Christopher W. Lewis who mailed the notice letters. Additionally, pursuant to T.C.A. 29-26-122 the Certificate of Good Faith is also filed contemporaneously with this Complaint.

11. Plaintiffs will further show that the kind of injuries they have sustained were foreseeable and preventable and would not have occurred except for the acts and omissions constituting medical negligence on the part of the named Defendants, their agents, servants, employees and/or representatives in their individual and joint medical care and treatment of Sherman Henry as set out herein.

12. This is a Complaint for Health Care Liability alleging medical negligence on the part of the named Defendants, their agents, servants, employees and/or representatives, being the care providers of Sherman Henry at the Memphis VA Medical Center at Memphis, Shelby

County, Tennessee resulting in the personal injuries, loss of consortium and the deterioration of health that would not have otherwise occurred but for the negligence on the part of the care providers as set out more fully in this Complaint.

## FACTS

13. On April 2, 2103, Mr. Henry presented to VA Hospital – Memphis for a heart catheterization procedure to determine the condition of his heart.  Based on the results of the procedure it was determined that Mr. Henry had 3-vessel Coronary Artery Disease and would require intervention as noted by Dr. Valaulikar and Dr. Weiman on April 3, 2013 at 07:25:37 a.m.  It is further noted that Mr. Henry would undergo the CABG procedure at the next available date of April 5, 2013 and it was so scheduled.

14. However, on April 3, 2013 at approximately 12:31 p.m., Dr. Mazen Shaheen and Dr. Jesse McGee took Mr. Henry back to the heart catheterization lab to place a stent.  As a result of this stent placement Mr. Henry experienced a complete blockage which necessitated an emergent CABG instead of the CABG scheduled for April 5, 2013.

15. Subsequently, Mr. Henry's hospital course was complicated.  As a result of the emergent CABG performed on April 3, 2013 by Dr. Weiman, Mr. Henry became severely infected.  The infection spread to Mr. Henry's sternum necessitating a portion of his sternum to be removed.  Additionally, Mr. Henry required placement of a PICC line for administration of IV antibiotics to treat the infection.  Mr. Henry also was required to be transferred to Methodist University Hospital for plastic surgeons to create flaps to close Mr. Henry's chest wound.  Mr. Henry required placement of a wound vac and multiple debridement procedures, also.

16. Mr. Henry's hospital course was further complicated by the need to be placed on ventilator and a cerebellar stroke.  Mr. Henry also had to undergo physical rehabilitation before he could be discharged home.  Mr. Henry was finally discharged on home on June 19, 2013.

6

## TORTS-MEDICAL NEGLIGENCE AND DEVIATIONS FROM THE STANDARD OF CARE

17. It is the claim of Mr. Henry that the VAMC located at Memphis, Shelby County, Tennessee, by the acts and omissions of its treating physicians, medical personnel, staff, agents, representatives and/or employees to include, but not limited to the identified care providers in this Complaint, Dr. Mazen Shaheen, Dr. Jesse McGee, Dr. Weiman and Dr. Valaulikar and as otherwise may be determined or discovered from the massive medical records of Plaintiff, Sherman Henry, maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, breached the standard of care for the medical community of Memphis, Shelby County, Tennessee and as such directly and proximately caused the tortious injuries and damages of a past, present and permanent nature that Plaintiffs, Sherman Henry, Dorothy Henry and Rebecca Dowty, would not have otherwise sustained except for the negligent deviations from the standard of care on the part of the treating physicians, medical personnel, staff and/or employees being any and all care providers of Mr. Henry (i.e. physicians, nurses, radiologists, technicians and otherwise)at the VA Medical Center in Memphis in the following particulars:

   a) Negligently performing and assisting in the closure procedure of the CABG on April 3, 2013;

   b) Failure to order and/or perform additional diagnostic studies to determine if Mr. Henry was in need of the stent placement, that occurred on April 3, 2013;

   c) Negligently deciding to attempt stent placement on April 3, 2013, when Mr. Henry was not a candidate for stenting;

   d) Negligently performing the stent placement of April 3, 2013, causing a complete blockage and necessitating an emergent CABG;

e) Negligently failing to consider other alternatives to the stent placement on April 3, 2013;

f) Failure to appreciate the significant risk of placing a stent in Mr. Henry;

g) Failure on the part of the care providers, more particularly the physicians to appropriately inform Mr. Henry of the risks of stent placement;

h) Negligently causing the source of the infection and the other post-surgical complications and deterioration of Mr. Henry's health;

i) Negligently causing the circumstances that required Mr. Henry to undergo an emergent CABG instead of the scheduled CABG on April 5, 2013;

j) Failure to timely detect, diagnose and treat the serious infection;

k) Failure to order and/or perform the appropriate tests and timely diagnose and treat Mr. Henry's infection and sources of the infection;

l) Failure to timely order and perform the appropriate pathology studies and cultures resulting in the significant delay of the detection and diagnosis of the source and type of infection thereby creating a significant delay in the appropriate antibiotic treatment;

m) Negligently addressing the continuing and persisting complaints of indicative of serious infection causing spread of the infection that would not have otherwise occurred resulting in necrotic tissue, osteomyelitis, renal failure and altered mental status;

n) Negligently causing the osteomyelitis and spread throughout Mr. Henry's body resulting in the significant bone loss of the sternum;

o) Negligently causing the severe permanent and disabling injuries of Sherman Henry that he would not have otherwise sustained;

p) Negligently causing the permanent disfigurement of Sherman Henry that he would not have otherwise sustained;

q) Negligently causing the severe physical pain, and emotional pain of a past, present and future nature.

**INJURIES AND DAMAGES**

18. As a direct and proximate result of the medical negligence on the part of the named Defendants, United States of America, United States of America d/b/a/ Memphis VA Medical Center, and said Defendants' employees, agents, servants, and/or representatives being

8

the care providers of Plaintiff, Sherman Henry at Memphis VA Medical Center to include, but not limited to, Dr. Mazen Shaheen, Dr. Jesse McGee, Dr. Weiman and Dr. Valaulikar, and as otherwise may be determined or discovered from the massive medical records of Plaintiff, Sherman Henry, maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, Plaintiff, Mr. Henry sustained the following injuries and damages for which he seeks recovery:

      (a)    Subsequent surgeries that would not have occurred but for the negligence complained of;

      (b)    Unnecessary physical pain and suffering;

      (e)    Unnecessary emotional pain and suffering sustained;

      (f)    Past, present and future medical expenses that would not have been necessary but for the negligence;

      (g)    Loss of use of Mr. Henry's sternum;

      (p)    Unnecessary permanent scarring;

      (q)    Loss of enjoyment and quality of life;

      (r)    Unnecessary permanent impairment;

      (u)    Depression.

19.    As a direct and proximate result of the medical negligence on the part of the named Defendants, United States of America, United States of America d/b/a/ Memphis VA Medical Center, and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Sherman Henry at Memphis VA Medical Center to include, but not limited to Dr. Mazen Shaheen, Dr. Jesse McGee, Dr. Weiman and Dr. Valaulikar and as otherwise may be determined or discovered from the massive medical records of Plaintiff,

Sherman Henry maintained by the Defendants, United States of America, and United States of America d/b/a Memphis VA Medical Center, and others not yet known or identified from the medical records and that may be identified later, Plaintiffs, Mrs. Dorothy Henry and Rebecca Dowty sustained the following injuries and damages for which she seeks recovery:

(a) Loss of love, society, and companionship of their spouse and father, respectively;

(d) Loss of marital and parental guidance, respectively;

(e) Loss of marital and parental emotional support, respectively;

(f) Unnecessary emotional pain and suffering;

(i) Loss of marital and parental kindness and affection, respectively.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Sherman Henry, Dorothy Henry and Rebecca Dowty, file this action for Health Care Liability and Loss of Consortium claims against the Defendants, United States of America and United States of America d/b/a Memphis VA Medical Center and said Defendants' employees, agents, servants, and/or representatives being the care providers of Plaintiff, Sherman Henry at the Memphis VA Medical Center as for compensatory damages for unnecessary pain and suffering, unnecessary scarring, unnecessary emotional pain and suffering, unnecessary surgical procedures, loss of consortium and as otherwise noted above, in the amount of five million ($5,000,000.00) dollars.

Respectfully submitted this 1st day of April, 2016,

s/ Louis P. Chiozza, Jr.
Louis P. Chiozza, Jr., BPR# 8871
Attorney for Plaintiffs
Law Office of Louis P. Chiozza, Jr. & Associates
230 Adams Avenue
Memphis, Tennessee 38103

Office: (901) 526-9494  
Fax: (901) 526-9970  
Email: Lou@chiozzalaw.com